UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO.: 22-2051 (DSD/TNL)

Frank Santovi,

     Petitioner,

v.                                         **ORDER**

United States of America,

     Respondent.


This matter is before the court upon the petition for a writ of habeas corpus of petitioner Frank Santovi.  <u>See</u> ECF No. 1.  For the reasons explained below, the habeas petition is dismissed.


**BACKGROUND**

In 2019, Santovi was indicted on one count of unlawful distribution of methamphetamine in violation of 21 U.S.C. § 841. <u>See</u> <u>United States v. Santovi</u>, No. 19-CR-216(2) (D. Minn.). Santovi was arrested by federal authorities and then released on bond.  At the time of his release from federal detention, however, Santovi was subject to a term of probation imposed in Minnesota state court for a previous offense.  Santovi was arrested by state officials on September 30, 2019, for having violated that term of probation and was returned to the custody of the State of Minnesota.

On October 24, 2019, the court issued a petition for a writ of habeas corpus ad prosequendum directing state officials to deliver Santovi to the custody of the federal government for prosecution. See Santovi, ECF No. 61. Not long thereafter, Santovi pleaded guilty to the charge in the indictment. See id., ECF No. 82.

The court sentenced Santovi to a 192-month term of imprisonment on July 28, 2020. See id., ECF No. 156. The sentencing judgment expressly provided that the 192-month term of imprisonment would "run concurrent with any revocation term imposed" in the criminal case for which Santovi's probation had been revoked. Id. at 2. Santovi was retuned to the custody of the State of Minnesota on August 10, 2020, and state officials in turn delivered Santovi back into federal custody on September 17, 2020. He has remained in federal custody since that time.

In the petition for a writ of habeas corpus now before the court, Santovi alleges that the Federal Bureau of Prisons (BOP) has failed to accurately calculate his sentence. The BOP has credited Santovi only for the period spent in custody following July 28, 2020, the date on which the sentence was imposed in the federal criminal proceeding.[1] Santovi, however, believes that he is entitled to credit for the entirety of the period in which he

---

[1] Santovi has also received credit for the two days spent in federal detention following his initial arrest in August 2019.

spent in federal or state custody beginning on September 17, 2019, when Santovi was arrested for having violated his state-court term of probation.   Santovi asks that the court direct the BOP to recalculate his anticipated release date to account for the period spent in pretrial custody; alternatively, Santovi asks that his sentence be reduced to account for the period in pretrial custody.

## DISCUSSION

The court cannot grant Santovi's petition for a writ of habeas corpus for three reasons.

First, the court lacks jurisdiction over the petition.   At the time that he filed his petition and continuing through today, Santovi has been a prisoner of the Federal Correctional Institution in Greeneville, Illinois.   A habeas petition must be presented in the district in which the petitioner is detained, not the district in which the petitioner was sentenced. See 28 U.S.C. § 2241(a); Wyatt v. United States, 574 F.3d 455, 460 (7th Cir. 2009) ("[T]he proper venue for filing a [habeas] petition is the district in which the prisoner is confined.").   At no point during the pendency of Santovi's habeas petition has he been detained within the District of Minnesota.   That Santovi is seeking habeas relief in the wrong venue is by itself a sufficient basis on which to deny the habeas petition.

Second, the BOP has not miscalculated Santovi's sentence or release date.[2]   Under 18 U.S.C. § 3585(a), a federal sentence commences "on the date the defendant is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served."  A prisoner may receive credit for time spent in official detention before the commencement of their sentence only in very specific circumstances:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Under § 3585(b), then, a federal prisoner cannot receive double credit for time spent in detention before the imposition of sentence.   Throughout the period that Santovi was in federal

---

[2] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."   28 U.S.C. § 1406(a).  Because Santovi would not be entitled to habeas corpus relief in any district, transfer of the petition would not be in the interests of justice.

custody on a writ of habeas corpus ad prosequendum, he was being credited towards satisfaction of the state-court term of imprisonment.  <u>See</u> Decl. of Robin Teters [ECF No. 11], ¶ 12 & Ex. I.  This court's sentence, which called for the terms of imprisonment to run concurrently, permitted Santovi to receive double credit for the period following the commencement of his sentence, but § 3585(b) limits the extent to which the BOP could have credited Santovi with time spent in custody before commencement of the federal sentence.[3]

Third, Santovi requests that, if the BOP cannot be directed to credit him for the time spent in pretrial custody, his sentence be reduced to take account of that period in pretrial detention. The writ of habeas corpus, however, is reserved for instances of unlawful detention.  <u>See</u> 28 U.S.C. § 2241(c).  Requests for a sentence modification are reserved for the sentencing court rather than a court sitting in review of a petition for a writ of habeas corpus.

---

[3] The court notes that Santovi remained in the primary custody of the State of Minnesota throughout the period of pretrial detention.  "When a State with primary jurisdiction transfers a prisoner to the United States pursuant to a writ of habeas corpus ad prosequendum ... the prisoner is considered merely 'on loan' from the State." <u>Wiseman v. Wachendorf</u>, 984 F.3d 649, 653 (8th Cir. 2021).  Santovi did not enter the primary custody of the United States until after his federal term of imprisonment commenced.

Because this is the sentencing court, however, it will be noted briefly that there does not appear to be a vehicle for relief available to Santovi even had his request for a sentence reduction been filed more appropriately in his criminal case. Sentencing courts do not have unencumbered authority to alter a sentence after it has been imposed, and none of the provisions through which the court could modify Santovi's sentence applies. Santovi has not established that extraordinary and compelling reasons warrant a reduction in sentence, as is required for a reduction to be granted under 18 U.S.C. § 3582(c)(1), or that the recommended sentencing range for his offense has been lowered since the time of his sentencing, as is required for a reduction to be granted under § 3582(c)(2). Rule 35 of the Federal Rules of Criminal Procedure permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error," but that correction must be made "[w]ithin 14 days after sentencing." Fed. R. Crim. P. 35(a). A sentencing court may (and in some instances must) take account of time spent in other custody pursuant to Section 5G1.3 of the United States Sentencing Guidelines, but this provision—like the other provisions of the Sentencing Guidelines—is applied at sentencing; it is not a basis for collateral relief years after the fact.

Accordingly, Santovi's petition of a writ of habeas corpus will be denied without prejudice. Santovi's motions to grant

relief [ECF No. 15] and motion for an extension of time [ECF No. 19] will also be denied. To the extent that these motions seek the same relief as is sought in the habeas petition, the motions are subject to dismissal for the same reasons. Insofar as Santovi sought additional time in which to file a reply to the government, that request is moot, as Santovi has since filed his reply and the court has considered that reply during the adjudication of the habeas petition.

### CONCLUSION

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    The petition for a writ of habeas corpus [ECF No. 1] is dismissed without prejudice;

2.    Santovi's motion for relief [ECF No. 15] is denied; and

3.    Santovi's motion for relief and for an extension of time [ECF No. 19] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 2, 2024                    s/David S. Doty_____
                                      David S. Doty, Judge
                                      United States District Court